IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

OPINION AND ORDER

                    Plaintiff,                                    10-cv-793-bbc
                                                                  08-cr-100-bbc

          v.

MAXIMO PINEDA-BUENAVENTURA,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Maximo Pineda-Buenaventura has moved for post conviction relief under

28 U.S.C. § 2255, contending that he was denied his constitutional right to the effective

assistance of counsel in both the trial court and the court of appeals.  The motion will be

denied because defendant has not made the necessary showing that either of his attorneys

was ineffective.


BACKGROUND

Defendant was charged in an indictment returned on June 25, 2008 with one count

of conspiracy to possess cocaine with the intent to distribute it and three counts of

1

distribution.  The conspiracy was alleged to have lasted from August 2007 to June 19, 2008.

The conspiracy had been under investigation since 2007.  In early 2008, law enforcement agents obtained court authorization to conduct wiretaps and monitored hundreds of phone calls relating to drug transactions conducted by defendant and others working on behalf of the conspiracy.  On June 19, 2008, the agents executed 11 search warrants, one of them at defendant's residence, where they recovered 16 grams of cocaine, a .357 Desert Eagle handgun, a digital scale, cutting agent and various documents related to wire transfers.  In a search of a storage locker rented by defendant and his brother, Efrain Pineda-Buenavatura, agents found $59,000 in the engine compartment of defendant's automobile, and 599 grams of cocaine packaged in small baggies.

A superseding indictment was brought against defendant on October 1, 2008, adding one additional charge of possessing cocaine with intent to distribute.  On December 10, 2008, defendant entered an unconditional plea of guilty to the conspiracy charge in reliance on a written plea agreement.  He was represented at the plea hearing by his retained counsel.  In the course of the hearing, defendant told the court that he understood what was being said to him (which was interpreted for him by a certified Spanish-speaking interpreter), that no one had made any promises to him about the sentence he might receive and that he understood that the court could impose any sentence on him, up to the statutory maximum.

In the presentence report, the probation office recommended a base offense level of

2

32 because the offense involved more than five kilograms of cocaine but less than 15 kilograms, a two-point enhancement because defendant possessed a dangerous weapon in connection with the offense and a four-level enhancement because defendant was a leader and organizer of the conspiracy.  When defendant was away, as he was on occasion, he left other members to take customer orders and direct deliveries of the cocaine.  The conspiracy included at least five other participants, a requirement under U.S.S.G. § 3B1.1(a).

Before the scheduled February 3, 2009 sentencing hearing, defendant's counsel filed objections to the presentence report, objecting to the four-level increase for leader or organizer because the government had not shown that he had received a larger share of the proceeds, recruited any accomplices, made pivotal decisions or exercised the necessary level of control.  Counsel pointed out that defendant had been out of the United States for about six months and that the conspiracy had continued without him.  Counsel raised an additional objection to the two-level enhancement for possession of a gun, arguing that the government could not meet its burden of showing that defendant possessed the gun, which was in a bedroom that was not occupied by defendant but by Ramon Ortiz, who was not charged in the conspiracy.

The February 3 sentencing began as scheduled but was continued when defendant denied that any interpreter had read and explained the presentence report to him and maintained that he was unaware of the recommendations in the report (although he did say

3

that the report included many lies).  Trans. of Feb. 3, 2009 hrg., dkt. #179 (filed in case no. 08-cr-100-bbc) at 3-4.  A second hearing was held on February 18, 2009, at which defendant confirmed that someone had translated the presentence report for him in the interim.  When asked, he said he had no objections to anything in the report.  Trans. of Feb. 18, 2009 hrg., dkt. #171 (filed in cse no. 08-cr-100-bbc) at 3.  Defendant's attorney argued that defendant should not have his sentence enhanced for being a leader or organizer of the conspiracy or for possession of a gun.  Both objections were overruled.  I found that defendant had controlled and directed six others in the distribution of cocaine.  When he went to Mexico for six months, he left his brother Efrain and Servando Herrera-Vasquez in charge but resumed control upon his return.  I found also that defendant had failed to show that it was clearly improbable that he possessed a gun in connection with the conspiracy.  The gun was located in a bedroom in his residence, albeit not the one he was using, and it was in proximity to drugs and drug paraphernalia.

Defendant's advisory guideline range was 168 to 210 months.  I sentenced him to the top of the guidelines or 210 months.  After defendant appealed his conviction and sentence, his retained counsel sought a determination from the court that defendant qualified for appointment of counsel under the Criminal Justice Act.  I found that defendant did qualify and the court of appeals appointed counsel to represent him on appeal.  Oral argument took place on February 10, 2010.  Appellate counsel argued that the court had erred in finding

4

that defendant was a leader or organizer and that he had possessed a gun in connection with a controlled substance offense.  The court of appeals rejected both arguments and affirmed defendant's sentence.

Appellate counsel was never able to talk with defendant during the course of the appeal, although he made a number of efforts to do so, including filing a motion with the court of appeals to order the Bureau of Prisons to permit defendant to call his appellate counsel.

OPINION

In support of his contention that he was denied effective assistance of counsel, defendant alleges that his trial counsel did not give him adequate advice about the potential penalties he faced and led him to believe that he would get a sentence of no more than ten years.  He alleges also that counsel did not challenge the enhancements to defendant's base offense level recommended by the probation office, did not give him access to discovery materials and did not undertake a thorough investigation of the facts that would have shown that defendant did not possess a gun in connection with the offense and that he was not a leader or organizer of the conspiracy.

The test for constitutional ineffectiveness of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984).  The test has two components.  The defendant must

show both that counsel's representation fell below an objective standard of reasonableness, id. at 688, and that there exists a reasonable probability that the result of the proceeding would have been different had it not been for counsel's unprofessional errors. Id. at 694. Merely showing that counsel erred in a few specific respects may not be enough to show incompetence; counsel's work must be evaluated as a whole. Id. at 690; see also Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005) ("it is the overall deficient performance, rather than a specific failing, that constitutes" ineffectiveness).

Even if a defendant can prove that his counsel was ineffective, he still must show prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Under Strickland, courts deciding post conviction motions based on inadequate representation may take up either prong of the two-prong showing that the defendant must make. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697.

## A. Alleged Ineffectiveness of Trial Counsel

### 1. Predictions about the sentence

For a number of reasons, defendant cannot prevail on his contention that his counsel

was ineffective because he failed to give him accurate information about the length of his sentence and promised him that he would receive a sentence of not more than ten years.  First and foremost, defendant has not shown that he was prejudiced by the alleged failure.  He could do this by saying that he wishes to withdraw his plea, Hill v. Lockhart, 474 U.S. 52, 59 (1970) (to satisfy prejudice requirement, defendant must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"), but he has made no such statement.  In fact, he seeks relief in the form of a resentencing without the enhancements.   Dft.'s Mem., Dkt. #2 (filed in case no. 10-cv-793-bbc) at 13.   His failure to seek to withdraw his plea is fatal to his claim that his counsel was ineffective with respect to the information he provided defendant in advance of his plea.  Even if it were not, defendant could not succeed on the claim because he has not provided sufficient information about any promises that his counsel allegedly made.   Key v. United States, 806 F.2d 133 (7th Cir. 1986) (allegation that counsel made promises to defendant must be supported by allegations specifying terms of alleged promises, when, where and by whom such promises were made and precise identity of any witnesses to promise; even these allegations may not be sufficient to warrant evidentiary hearing if they do not overcome presumption of record.)

In addition, courts understand that "'a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good faith evaluations of a reasonably competent attorney will turn out to be mistaken

either as to the facts or as to what a court's judgment might be on given facts.'" <u>United States v. Arvanitis</u>, 902 F.2d 489, 494 (7th Cir. 1990) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 770 (1970)).  If, as defendant alleges, his trial counsel predicted a sentence based only on drug amounts, his failure to predict the gun and role in the offense enhancements does not amount to constitutionally ineffective assistance.

There is still one more reason why defendant cannot prevail on this claim, at least as far as it relates to his allegation that his counsel promised him a sentence of no more than ten years:  he told the court on the record that no one had made any promises to him about the sentence he would receive.  The record of a Rule 11 proceeding is entitled to a "presumption of verity". . . and the answers therein are binding.'" <u>United States v. Martinez</u>, 169 F.3d 1049, 1054 (7th Cir. 1999) (quoting <u>United States v. Winston</u>, 34 F.3d 574, 578 (7th Cir. 1994)).  <u>See also</u> <u>United States v. Peterson</u>, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."); <u>United States v. Cieslowski</u>, 410 F.3d 353, 358 (7th Cir. 2005); <u>United States v. Gwiadzinski</u>, 141 F.3d 784, 788 (7th Cir. 1998).

2. Failure to investigate

Defendant rests his second claim of ineffectiveness on trial counsel's failure to give him discovery documents and to undertake a more effective investigation into the facts of the case. Again, as with the allegedly incomplete advice about his plea, defendant has not supported this claim. He has not described any exculpatory evidence that counsel might have found had he done a more complete investigation or how that evidence would have been helpful to his case. It is well settled law that mere unsupported assertions are not enough to persuade a court to hold an evidentiary hearing on such a claim, much less to grant a petition. Hardamon v. United States, 319 F.3d 943 (7th Cir. 2003); Galbraith v. United States, 313 F.3d 1001 (7th Cir. 2002). Without a detailed and specific affidavit, defendant has nothing to support his vague allegation that counsel could have found helpful information had he done more investigating. Galbraith, 313 F.3d at 1009 (citing United States v. Prewitt, 83 F.3d 812, 820 (7th Cir. 1996)); see also Hardamon, 319 F.3d at 951 (when it comes to allegation of inept or incomplete investigation, petitioner must provide court "'sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced'") (quoting United States ex rel. Simmons v. Gramley, 915 F.2d 1129, 1133 (7th Cir. 1990)).

Finally, defendant asserts that his trial counsel did not challenge the enhancements to his base offense level recommended by the probation office. He is wrong about this; counsel

filed a lengthy set of objections to the enhancements and he elaborated on his objections at the time of sentencing, although he placed primary weight on his written objections. That counsel was not ultimately persuasive does not mean he fell short of giving defendant a vigorous defense.

## B. Alleged Breach of Plea Agreement

In addition to his assertions of ineffectiveness, defendant suggests that the government breached the plea agreement. He does not elaborate on this and nothing in the record supports it. The government never promised defendant any particular sentence in the plea agreement or agreed not to recommend any enhancements. Without such specific promises, defendant has no ground for contending that the government breached an agreement by failing to support defendant's challenges to the enhancements.

## C. Alleged Ineffectiveness of Appellate Counsel

Defendant complains that he was never allowed to talk with his appellate counsel and that counsel ignored defendant's requests to raise certain issues. Again, defendant does not identify specific matters that counsel should have raised but did not. (Defendant is misinformed when he says in his motion, dkt. #2 (filed in case no. 08-100) at 5, that his counsel filed an Anders brief (which would indicate that appellate counsel found no

10

arguments worth raising)).  In fact, the court of appeals scheduled the case for oral argument and defendant's appellate counsel had a chance to persuade that court that it was error for the sentencing court to rely on the factual findings in the presentence report when determining the offense level.

### D. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  In this case, there is no debatable issue about the lack of merit of defendant's motion.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

11

ORDER

IT IS ORDERED that defendant Maximo Pineda-Buenaventura's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.  No certificate of appealability will be granted because defendant has not made a substantial showing of the denial of a constitutional right.

Entered this 4th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

12